SEND

FILED

1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10

11

12 | SUSAN LEE BARKER,

Case No. EDCV 07-00274-SGL (JCRx)

13

Plaintiff,

STANDING ORDER

14

v.

15 | RIVERSIDE COUNTY OFFICE OF
EDUCATION, and DOES 1 through
16 | 10, Inclusive,

17

Defendants.

18

19 **READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE**

20 **AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES**.

21

22   This action has been assigned to the calendar of Judge Stephen G. Larson.

23 Both the Court and the attorneys bear responsibility for the progress of litigation in the

24 Federal Courts.  To secure the just, speedy, and inexpensive determination of every

25 action, Fed. R. Civ. P. 1, all counsel of record and any parties proceeding pro se, are

26 directed to familiarize themselves with the Federal Rules of Civil Procedure and the

27 Local Rules of the Central District of California.

28



MAR 21 2007

IT IS HEREBY ORDERED:

1.   **Service of the Complaint**: Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1 within three days following service.  Defendants also shall timely file their responsive pleadings and file proofs of service within three days.

2.   **Presence of Lead Counsel**: Unless afforded leave of Court, lead trial counsel shall attend all proceedings before this Court, including all status and settlement conferences.

3.   **Discovery**: All discovery matters have been referred to a United States Magistrate Judge (see initial designation following the case number).  The words "DISCOVERY MATTER" shall appear in the caption of all documents relating to discovery to insure proper routing.  Counsel are directed to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate Judge to schedule matters for hearing.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court.  The party seeking review must do so within ten days of service upon the party of a written ruling, or within ten days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the text are clearly erroneous or contrary to law and the claim must be supported by points and authorities.  A copy of the moving papers and responses shall be delivered to the Magistrate Judge's clerk for review upon the filing of the required documents.

Unless there is a likelihood that, upon motion by a party, the Court would order that any or all discovery is premature, counsel shall begin before the Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of

1   Fed. R. Civ. P. 26(a) relating to initial disclosures and thereby produce and obtain most
2   of what would be produced in the early stages of discovery.
3          If expert witnesses are to be called at trial, the parties shall designate experts to
4   be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B) not later
5   than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be
6   designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B) not later
7   than five weeks prior to the discovery cutoff date.  Failure to timely comply with this
8   deadline may result in the expert being excluded at trial as a witness.
9          4.     **Motions:**
10                (a)     **Time for Filing and Hearing Motions:**  Motions shall be filed in
11   accordance with Local Rules 6-1 and 7-2, et seq.[1]  This Court hears motions on
12   Mondays, commencing at 10:00 a.m.  No supplemental brief shall be filed without prior
13   leave of Court.  Many motions to dismiss or to strike could be avoided if the parties
14   confer in good faith (as they are required to do under L.R. 7-3), especially for perceived
15   defects in a complaint, answer, or counterclaim which could be corrected by
16   amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion
17   to dismiss is granted, a district court should provide leave to amend unless it is clear
18   that the complaint could not be saved by any amendment).  Moreover, a party has the
19   right to amend its complaint "once as a matter of course at any time before a
20   responsive pleading is served." Fed. R. Civ. P. 15(a).  A 12(b)(6) motion is not a
21   responsive pleading for purposes of Rule 15(a) and therefore plaintiff might have a right
22   to amend. See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St. Michael's
23   Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981).  Even where
24
25          [1] Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing
26   conference "to discuss thoroughly . . . the substance of the contemplated motion and any
     potential resolution."  Counsel should discuss the issues sufficiently so that if a motion is
27   still necessary, the briefing may be directed to those substantive issues requiring
     resolution by the Court.  Counsel should resolve minor procedural or other
28   nonsubstantive matters during the conference.

1  a party has amended its Complaint once, or where a responsive pleading has been

2  served, the Federal Rules provide that leave to amend "shall be freely given when

3  justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy

4  favoring amendment be applied with "extreme liberality." Morongo Band of Mission

5  Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)(citing DCB Programs, Ltd. v.

6  Leighton, 833 F.2d 183, 186 (9th Cir. 1987)). These principles require that counsel for

7  the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies

8  in the complaint and, in many instances, the moving party should agree to any

9  amendment that would cure a curable defect.

10  In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings

11  are filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy

12  of the challenged pleading to the Memorandum of Points and Authorities in support of

13  the motion.

14  The foregoing provisions apply as well to motions to dismiss a counterclaim,

15  answer, or affirmative defense that a plaintiff might file.

16  **(b)    Length and Format of Motion Papers: Memoranda of Points**

17  **and Authorities in support of or in opposition to motions shall not exceed 25**

18  **pages. Replies shall not exceed 12 pages.** Only in rare instances and for good

19  cause shown will the Court grant an application to extend these page limitations.

20  Typeface shall comply with Local Rule 11-3.1.1. If Times Roman or another

21  proportionally spaced font is used, the size must be no less than 14-point; if Courier or

22  another monospaced font is used, the size must be no less than 12-point, and there

23  must be no fewer than 10.5 characters per inch. Footnotes shall be in typeface no less

24  than one size smaller than text size and shall be used sparingly.

25  Filings that do not conform to the Local Rules and this Order will not be

26  considered.

27  **(c)    Citations to Case Law:** Citations to case law **must** identify not

28  only the case being cited, but the specific page being referenced. Certain kinds of

1  authority are considered more useful — or authoritative — than others.  If more than

2  one authority is cited in support of a proposition, these supporting authorities shall be

3  listed such that the more authoritative ones appear first.

4        **(d)**  **Citations to Statutory Sources**:  Counsel are reminded that the

5  basic purpose of a legal citation is to allow the reader to locate a cited source

6  accurately and efficiently.  Accordingly, statutory references should identify, with

7  specificity, which sections and subsections are being referenced.  Statutory references

8  which do not indicate specifically which section and subsection are being referred to are

9  to be **avoided**.  Citations to treatises, manuals, and other materials should similarly

10  include the volume and the section being referenced.

11        **(e)**  **Citations to Other Sources**:  Parties offering evidence in support

12  of, or in opposition to, a motion (notably a Rule 56 motion) must cite to specific page

13  and line numbers in depositions and paragraph numbers in affidavits.  Furthermore,

14  such evidence must be authenticated properly.  The Court directs the parties to become

15  familiar with <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764 (9th Cir. 2002).

16        **(f)**  **Courtesy Copies**:  Counsel shall deliver a conformed courtesy

17  copy of all opposition and reply papers in motion matters to the courtesy box on the wall

18  outside the entrance to Courtroom One, located on the second floor of the United

19  States Courthouse, 3470 Twelfth Street, Riverside, California, **by 4:00 p.m. on the**

20  **date due.**

21        **(g)**  **Limits on Motions**

22           **(1) Motions for Summary Judgment**:  No party may file more

23  than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is

24  denominated as a motion for summary judgment or summary adjudication.

25           **(2) Motions in Limine**:  No party may file more than five

26  motions in limine.

27      **5.**  **Proposed Orders**:  Each party filing or opposing a motion, or seeking the

28  determination of any matter, shall serve and lodge a Proposed Order setting forth the

1   relief or action sought and a brief statement of the rationale for the decision with

2   appropriate citations.

3      **6.    Ex Parte Applications:** Counsel are reminded that ex parte applications

4   are solely for extraordinary relief. See Mission Power Engineering Co. v. Continental

5   Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications which fail to conform

6   with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's**

7   **position,** will not be considered. Any opposition must be filed not later than 24 hours

8   after service. If counsel do not intend to oppose the ex parte application, counsel must

9   inform the court clerk by telephone. The Court considers ex parte applications on the

10  papers and usually does not set these matters for hearing.

11      Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice

12  of non-opposition papers to the courtesy box outside the entrance to Courtroom One.

13  The courtroom deputy clerk will notify counsel of the Court's ruling or a hearing date

14  and time, if the Court determines a hearing is necessary.

15      **7.    Applications or Stipulations to Extend the Time to File any Required**

16  **Document or to Continue any Pretrial or Trial Date:** No stipulations extending

17  scheduling requirements or modifying applicable rules are effective until and unless the

18  Court approves them. Both applications and stipulations must be filed in advance of

19  the date due and set forth:

20      (a)    the existing due date or hearing date as well as the discovery cutoff

21  date, the last date for hearing motions, the pre-trial conference date and the trial date;

22      (b)    specific, concrete reasons supporting good cause for granting the

23  extension; and

24      (c)    whether there have been prior requests for extensions, and

25  whether these were granted or denied by the Court.

26      **8.    TROs and Injunctions:** Parties seeking emergency or provisional relief

27  shall comply with Fed. R. Civ. P. 65 and Local Rule 65-1. The Court will not rule on any

28  application for such relief for at least 24 hours after the party subject to the requested

1   order has been served; such party may file opposing or responding papers in the

2   interim.[2]   The parties shall lodge a courtesy copy, conformed to reflect that it has been

3   filed, of all papers relating to TROs and injunctions.  The courtesy copy shall be placed

4   in the courtesy box outside the entrance to Courtroom One.  All such papers shall be

5   filed "loose," i.e., not inside envelopes.

6       **9.    Cases Removed From State Court:**  All documents filed in state court,

7   including documents appended to the complaint, answers, and motions, must be refiled

8   in this Court as a supplement to the Notice of Removal, if not already included.  See 28

9   U.S.C. § 1447(a)-(b).  If defendant has not yet responded, the answer or responsive

10  pleading filed in this Court must comply with the Federal Rules of Civil Procedure and

11  the Local Rules of the Central District.  If a motion was pending in state court before the

12  case was removed, it must be re-noticed in accordance with Local Rule 6-1.

13      **10.   ERISA Cases:**

14      The following procedure will apply in cases in which a plaintiff seeks benefits

15  under an ERISA plan:

16          (a)    Because discovery is disfavored in such cases, the parties may

17  request discovery only where it is necessary to determine the appropriate standard of

18  review and the proper scope of the administrative record.  See Kearney v. Standard Ins.

19  Co., 175 F.3d 1084, 1090-91 (9th Cir. 1999).  The Court will set a discovery cut-off

20  date.  Any disputes concerning discovery that the parties are unable to resolve through

21  the meet and confer process shall be submitted to the assigned Magistrate Judge.  The

22  parties are advised to carefully follow all of the requirements of L.R. 37-1, et. seq.

23          (b)    Absent an agreed-upon statement of facts, the Court will not hear

24  motions for summary judgment; instead, the Court will consider a joint motion to

25  

26      [2] Local Rule 7-19.2 - Waiver of Notice.  If the Judge to whom the application is
    made finds that the interest of justice requires that the ex parte application be heard
27  without notice (which in the instance of a TRO means that the requisite showing under
    Fed. R. Civ. P. 65(b) has been made) the Judge may waive the notice requirement of
28  L.R. 7-19.1.

1   determine the proper standard of review.  In accordance with the schedule established

2   by the Court, the parties shall file simultaneous briefs in support of their respective

3   positions on the appropriate standard of review.  The parties shall also file simultaneous

4   opposing briefs.

5          (c)     Prior to filing a motion to determine the proper standard of review,

6   the parties shall participate in a settlement conference pursuant to L.R. 16-14.

7          (d)     Within thirty days after the entry of the Court's order (or the parties'

8   stipulation) re standard of review, the parties shall participate in a <u>second</u> settlement

9   conference pursuant to L.R. 16-14.

10         (e)     Absent a settlement, the Court will conduct an administrative

11  review on the parties' trial briefs.  The Court will not conduct a trial or hear oral

12  argument unless the Court, after receiving and reviewing the parties' trial briefs, decides

13  that such argument would be helpful to the Court.  The parties shall file simultaneous

14  opening briefs and opposing briefs per the schedule established by the Court.  The

15  matter will be taken under submission and the Court will issue an Order Re

16  Administrative Review.

17       With the opening briefs, the parties shall jointly lodge with the Court two copies

18  of the administrative record.  The original copy must be formatted in compliance with

19  the Court's Local Rules; the chambers copy must include a table of contents, must be

20  tabbed, and must be placed in a three-ring binder.

21         (f)     In addition to any applicable items set forth in the Court's Order

22  setting the Rule 26(f) conference, the parties' Rule 26(f) Report shall set forth a

23  statement of whether the parties anticipate that the Court will be required to determine

24  the appropriate standard of review.

25         (g)     The Court will set a briefing schedule for and a cut-off date for

26  hearing of motions regarding standard of review and the scope of the administrative

27  record.

28

11. **Status of Fictitiously Named Defendants**: This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint (see 28 U.S.C. §§ 1441(a) and 1447):

(a)   Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court.

(b)   If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the ex parte application.

(c)   If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte requesting such amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The ex parte application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. See 28 U.S.C. § 1447(e).

12. **Communications with Chambers**: Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other ex parte means, although counsel may contact the Court's courtroom deputy clerk, James Holmes, at (951) 328-4464, with appropriate inquiries. To facilitate communication with the courtroom

1  deputy, counsel should list their facsimile transmission numbers along with their

2  telephone numbers on all papers.

3      **13.    Notice of this Order:**  Counsel for plaintiff shall immediately serve this

4  Order on all parties, including any new parties to the action.  If this case came to the

5  Court by noticed removal, defendant shall serve this Order on all other parties.

6      **14.    Internet Site:**  Counsel are encouraged to review the Central District's

7  Website for additional information.[3]  The address is "http://www.cacd.uscourts.gov."

8      IT IS SO ORDERED.

9  Dated:        MAR  1 6 2007

10

11

12      STEPHEN G. LARSON
   UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20      [3] Copies of the Local Rules are available on our website at

21  "http://www.cacd.uscourts.gov" or they may be purchased from one of the following:

22      Los Angeles Daily Journal
   915 East 1st Street
23  Los Angeles, California  90012

24      West Publishing Company
   610 Opperman Drive
25  Post Office Box 64526
   St. Paul, Minnesota  55164-0526
26

27      Metropolitan News
   210 South Spring Street
28  Los Angeles, California  90012