Name Janice S Cleveland, SBN 147313
Address 5041 La Mart Drive, Suite 230
City, State, Zip Riverside, CA
Phone (951) 680-9195
Fax (951) 781-9560
E-Mail jsclev@charter.net

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SUSAN LEE BARKER | CASE NUMBER |
|---|---|
| PLAINTIFF(S), | EDCV0700274 SGL (JCRx) |
| v | |
| RIVERSIDE COUNTY OFFICE OF EDUCATION, and DOES 1 through 10  DEFENDANT(S) | NOTICE OF APPEAL |

NOTICE IS HEREBY GIVEN that _____Susan Lee Barker_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C 3742)
☐ Pursuant to F.R Cr P 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed
☐ Bail status

**Civil Matter**

☒ Order (specify) Order Granting Defendant's Motion to Dismiss

☐ Judgment (specify)

☐ Other (specify)

Imposed or Filed on ___August 1, 2007___. Entered on the docket in this action on August 2, 2007

A copy of said judgment or order is attached hereto

8/24/07                    [signature]
Date                       Signature
                           ☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d)

A-2 (01/07)                 NOTICE OF APPEAL

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



Priority —
Send —
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LEE BARKER, | CASE No. EDCV 07-00274 SGL (JCRx) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ORDER DENYING DEFENDANT'S REQUEST FOR ATTORNEY FEES |
| RIVERSIDE COUNTY OFFICE OF EDUCATION, | |
| Defendant. | ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS |

This matter is before the Court on defendants' motion to dismiss all claims, filed on May 29, 2007 (docket #6). The matter was heard on July 31, 2007. As stated on the record and as set forth below, the Court **GRANTS** defendant's motion to dismiss Requests for attorney fees (by defendant) and for sanctions (by plaintiffs), which are set forth in the opposition and reply papers, are **DENIED**.

### I. Background

#### A. Plaintiff's Allegations

From May 13, 2002, to August 1, 2006, plaintiff was employed by defendant as a teacher. Compl. ¶ 6. Plaintiff worked in defendant's Alternative Education Program with student with disabilities. Id. During the course of her employment, beginning as early as 2003, plaintiff complained to her employer it was not complying with the Individuals with Education Act ("IDEA"). Compl. ¶ 7. In April or

DOCKETED ON CM
AUG - 2 2007

May 2005, plaintiff filed a complaint with the United States Department of Education Office of Civil Rights, and assisted in the filing of a class complaint on behalf of certain students; defendant learned of these complaints in June and August, 2005. Compl. ¶¶ 10, 12, 16.

Plaintiff alleges that defendant thereafter took retaliatory actions against her, including changing her work assignments to sites further from her home, reducing her case load, and refusing to allow her to fill in for other teachers during their vacations. Compl. ¶¶ 17(i)-(j), 18(c). As a result of these and other allegedly retaliatory actions, plaintiff was compelled to resign her position. Compl. ¶ 20.

### B. Plaintiff's Claims

Based on these factual allegations, plaintiff brings the following claims: (1) Violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794; (2) violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; and (3) violation of Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d.

## II. Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

In lieu of an answer, a party may file a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), which provides that such a motion may be made where the pleader has "fail[ed] to state a claim upon which relief can be granted." Id. In deciding a Rule 12(b)(6) motion, the Court must also consider the requirements of Fed. R. Civ. P. 8(a), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" or, when the claim at issue avers fraud or mistake, the motion must be considered in conformity with Fed. R. Civ. P 9(b), which requires fraud and mistake to be pleaded with particularity. See 5A Charles A. Wright & Arthur Miller, Federal Practice and Procedure, §1356 (1990); James Wm. Moore, Moore's Federal Practice, Vol. 2 § 12.34[1][c].

In bringing a motion pursuant to Rule 12(b)(6), the moving party has the burden of persuading the Court that the complaint has failed to state a claim upon which relief can be granted. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406,
2

1409 (3d Cir.), cert. denied, 501 U.S 1222 (1991). In considering the motion, "courts must consider the complaint in its entirety," and read it in the light most favorable to the plaintiff, accepting as true all factual allegations in the complaint, as well as reasonable inferences to be drawn therefrom. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509 (2007), Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). However, the Court need not accept any unwarranted deductions of fact, or conclusory legal statements cast in the form of factual allegations. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

Generally, a court does not consider evidence in deciding a Rule 12(b)(6) motion; however, a court may consider exhibits attached to the complaint as well as documents that are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), cert. denied, 512 U.S. 1219 (1994). Facts of which a court may take judicial notice pursuant to Fed R. Evid. 201 are also properly considered. Mir v. Little Company of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988).

### III. Title II of the ADA and Section 504 of the Rehabilitation Act

The Court discusses plaintiff's ADA and Rehabilitation Act claims together because the similarity of their language compel dismissal of both claims under the same reasoning.

The substantive prohibition of Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. The ADA defines "public entity" to include "any State or local

government . . . or any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ." 42 U.S.C. § 12131(1).

The substantive prohibition of the relevant Rehabilitation Act contains similar language:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794 (Rehabilitation Act § 504).

Here, plaintiff has not alleged any facts from which it could be inferred that she is a "qualified individual with a disability." In her opposition, plaintiff does not suggest she is a qualified individual with a disability; rather, plaintiff contends that because she advocated on behalf of students who were disabled, she should be able to bring a claim under this statute.

Plaintiff relies on the First Circuit case of <u>Weber v. Cranston School Committee</u>, 212 F.3d 41 (1st Cir. 2000), wherein the First Circuit held that a parent who was retaliated against for her advocacy on behalf of her child had standing under § 504 to sue. <u>Id.</u> at 49. There, the court first noted that the Rehabilitation Act incorporated the remedy provisions of Title VI of Civil Rights Act, 42 U.S.C. § 2000d (prohibiting race and national origin discrimination in government programs). <u>Weber</u>, 212 F.3d at 48. The court then noted that Title VI, in turn, has an anti-retaliation provision, found in its implementing regulations:

> No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering

4

with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.

See Weber, 212 F.3d at 48 (quoting 34 C.F.R. §§ 100.7(e)). Next, the court considered the fact that Title VI extends its remedies to "any person aggrieved," a phrase which has been interpreted in other statutes to extend to all those within the broad scope of Article III standing. Weber, 212 F.3d at 48 (citing 42 U.S.C. § 2000d-2). Therefore, the First Circuit found that the plaintiff could maintain her action under § 504 of the Rehabilitation Act

The rationale of Weber is not wholly unpersuasive. However, a Ninth Circuit case, which is binding on this Court, compels a conclusion contrary to that reached by the Weber court.

In Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169 (9th Cir. 1999), the court considered whether an employee could assert a claim against his employer, the Oregon Department of Justice, under Title II of the ADA. In concluding that he could not, the Ninth Circuit interpreted the statutory prohibition found in Title II, which is set forth supra, as relating to the "outputs" of the public agency rather than the "inputs" of that agency. Zimmerman, 170 F.3d at 1174. The Ninth Circuit explained this distinction at length:

> A common understanding of the [statutory language] shows that it applies only to the "outputs" of a public agency, not to "inputs" such as employment. . . . First, employment by a public entity is not commonly thought of as a "service, program, or activity of a public entity." Second, the "action" words in the sentence presuppose that the public entity provides an output that is generally available, and that an individual seeks to participate in or receive the benefit of such an output.

5

Consider, for example, how a Parks Department would answer the question, "What are the services, programs, and activities of the Parks Department?" It might answer, "We operate a swimming pool; we lead nature walks; we maintain playgrounds." It would not answer, "We buy lawnmowers and hire people to operate them." The latter is a means to deliver the services, programs, and activities of the hypothetical Parks Department, but it is not itself a service, program, or activity of the Parks Department.

Similarly, consider how a member of the public would answer the question, "What are the services, programs, and activities of the Parks Department in which you want to participate, or whose benefits you seek to receive?" The individual might answer, "I want to participate in the Wednesday night basketball league, or find out about the free children's programs for the summer months." The individual would not logically answer, "I want to go to work for the Parks Department."

We conclude, then, that the [statutory language] does not suggest that Congress intended for Title II to apply to employment

Zimmerman, 170 F.3d at 1174.

Because plaintiff's Title II ADA claim is predicated on factual allegations that relate to the "inputs" of the public agency rather than the "outputs" of the public agency, her Title II claim is not actionable, and must be dismissed for that reason.

The Court must now consider whether the Zimmerman case forecloses plaintiff's claim based on § 504 of the Rehabilitation Act. A side-by-side comparison of the relevant statutory language reveals they are virtually indistinguishable as to their substantive prohibition:[1]

---

[1] They differ only in their coverage: The Title II of the ADA applies to "public entities," while the Rehabilitation Act applies to "program[s] or activit[ies]

| ADA Title II | Rehabilitation Act |
|---|---|
| Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.<br><br>42 U.S.C. § 12132. | No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .<br><br>29 U.S.C. § 794. |

Because the language is virtually identical, the rationale set forth in the Zimmerman opinion applies with equal force, and plaintiff's claim based on her employment -- her "input" -- it is not actionable under § 504 of the Rehabilitation Act.

This holding is at odds with the Weber case from the First Circuit, upon which plaintiff relies. See Weber, 212 F.3d at 49. The Weber court based its decision on the broad anti-retaliation claim set forth in the implementing regulation of Title VI (which applies to Rehabilitation Act claims) in support of her claim. See 34 C.F.R. § 100.7(e); § 104.61. Specifically, the Weber court found this provision sufficient to support a mother's claim of retaliation, and viewed it as consistent with congressional intent. Weber, 212 F.3d at 49.

However, in reaching its conclusion in Zimmerman, the Ninth Circuit refused to give deference to an implementing regulation that concluded that Title II was applicable to discrimination in employment. Zimmerman, 170 F.3d at 1172-73 (rejecting 28 C.F.R. § 35.140(a)).[2] The court did so because the regulation was

---

receiving Federal financial assistance."

[2] Courts will give deference to an administrative agency's interpretation of a statute it administers when required to do so by the test set forth in Chevron U.S.A. Inc v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). In Chevron, the Supreme Court set forth a two-step process courts must use to review an administrative agency's interpretation of a statute that it administers. See Chevron, 467 U.S. at 842-44. The first step requires courts to use "traditional tools of statutory construction" and determine whether Congress's intent is

7

contrary to the express language of the statute, which it concluded, as set forth above, was inapplicable to the "inputs" of public agencies  Because the Ninth Circuit has interpreted the language of Title II of the ADA in this manner, and because the Rehabilitation Act has virtually indistinguishable language, to the extent that the regulation could be interpreted to apply to <u>employees</u> of programs and activities receiving federal financial assistance, this Court must decline to give deference to the regulation because it is contrary to the unambiguous intent of Congress.[3]  Chevron, 467 U.S. at 843 n.9.

As set forth above, the Court holds that plaintiff's claims are not actionable under either Title II of the ADA or § 504 of the Rehabilitation Act.  Defendant's Motion to Dismiss is therefore **GRANTED** as to the first and second causes of action.

### IV. 1964 Civil Rights Act, Title VI

The prohibition set forth in Title VI of the 1964 Civil Rights Act is found at 42 U.S C. § 2000d:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

---

unambiguous as to the issue to be decided by the court.  Chevron, 467 U.S. at 843 n.9  "If the intent of Congress is clear, that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. at 842-43.  However, where Congress has left a gap for the administrative agency to fill, courts give deference to the administrative regulation unless it is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 843-44.

[3] By the same token, to the extent the regulation could be interpreted to apply to employees of the public entity, the Court must decline to give deference to a similar implementing regulation of Title II of the ADA.  See 28 C F R. § 35.134.

Id. The Complaint does not set forth any factual allegations that plaintiff raised the issue of students being excluded from, being denied the benefits of, or otherwise being subjected to discrimination, on the basis of "race, color, or national origin." Accordingly, although the Court **GRANTS** the motion to dismiss the third cause of action, the Court also **GRANTS** leave to amend this claim.

### V. Conclusion

As set forth herein, defendants Motion to Dismiss all claims is **GRANTED**. Plaintiff's first and second causes of action are dismissed **WITH PREJUDICE**; plaintiff is **GRANTED** ten days' leave to amend the third cause of action.

Defendant's request for attorney fees and plaintiff's request for sanctions are **DENIED**.

**IT IS SO ORDERED.**

DATE: August 1, 2007

*[signature]*

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

REPRESENTATION STATEMENT

**LAW OFFICES OF JANICE S. CLEVELAND**
JANICE S. CLEVELAND- State Bar No. 147313
5041 La Mart Drive, Suite 230
Riverside, CA 92507
Telephone (951) 680-9195
Facsimile (951) 781-9560

**LAW OFFICE OF GARY S. BENNETT**
GARY S. BENNETT - State Bar No. 162411
23161 Mill Creek Dr. Suite 170
Laguna Hills, CA 92653
Telephone (949) 837-9091
Facsimile (949) 837-8240

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN LEE BARKER, | No. _____ |
| Plaintiff/Appellant, | D.C.# EDCV 07-0274 SGL (JCRx) (C.D. Cal. Riverside) |
| vs. | |
| RIVERSIDE COUNTY OFFICE OF EDUCATION, | |
| Defendant/Appellee. | |

REPRESENTATION STATEMENT

The undersigned represent Susan Lee Barker, plaintiff and appellant in this matter and no other party. Attached is a service list that shows all of the parties to the action below, and identifies their counsel by name, firm, address, and telephone number, where appropriate. (F.R.A.P. 12(b); Circuit Rule 3-2(b).)

1

Respectfully submitted,

*/s/ Janice S. Cleveland*

JANICE S. CLEVELAND
Attorney for Plaintiff/Appellant
Susan Lee Barker


SERVICE LIST

1. Defendant/Appellee;  Riverside County Office of Education
   3939 Thirteen[th] Street
   Riverside, CA 92502-0868
   (951) 826-6530

2. Attorney for
   Defendant/Appellee;  John Dietrich, Esq.
   Atkinson, Andelson, Loya, Rudd & Romo
   3612 Mission Inn Avenue, Upper Level
   Riverside, CA 92501
   (951) 683-1122
   Fax (951) 683-1144

3. Co-counsel for Plaintiff/  Gary S. Bennett, Esq.
   Appellant;                 23161 Mill Creek Drive, Suite 170
   Laguna Hills, CA 92653
   (949) 837-9091
   Fax (949) 837-9560

2

**Certificate of Service**

This is to certify that on August 28, 2007 a true and correct copy of the foregoing **REPRESENTATION STATEMENT** in appeal from D.C. # EDCV 07-00274 SGL (JCRx), was served by United States Mail, first class, on counsel of record for all parties to the action below in this matter, as follows:

> Defendant/Appellee, Riverside County Office of Education, represented by and mailed to:
>
> John Dietrich, ESQ.
> Atkinson, Andelson, Loya, Rudd & Romo
> 3612 Mission Inn Avenue, Upper Level
> Riverside, CA 92501
> (951) 683-1122

JANICE S. CLEVELAND
Attorneys for Plaintiff/Appellant,
SUSAN LEE BARKER